# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:13-CV-2095 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **AN UNKNOWN NUMBER OF FEDERAL JUDGES AND UNITED STATES,** *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Frederick Banks ("Banks"), who is proceeding pro se and seeks to proceed in forma pauperis (Doc. 2), commenced this civil rights action on August 5, 2013, naming as defendants "[a]n unknown number of federal judges and United States Covert Government Agents," Judge Joy Flowers, Judge Thomas Hardiman, Judge Nora Barry Fishner, United States Court of Appeals for the Third Circuit, United States of America, FBOP, Eric Holder and Charles Samuels. (Doc. 1)[1]  Obligatory preliminary screening reveals that the complaint is frivolous and, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Because Banks is proceeding pro se, his complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers[.]" Brown v. City of Long Branch, 380 F. App'x. 235, 238 (3rd Cir. 2010) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

I.   **Allegations of the Complaint**

Banks alleges that "in 2013 and previously to that Defendants used a technology known as 'Voice to Skull' to harass him for lawsuits that were filed against Federal Agents and US District Judges." (Doc. 1, ¶ 1.) "Voice to Skull Technology is described by the Federation of American Scientists as 'Nonlethal weapon which includes (1) a neuro-electromagnetic device which uses microwave transmission of sound into the skull of persons or animals by way of pulse-modulated microwave radiation; and (2) a silent sound device which can transmit sound into the skull of persons or animals. Note: The sound modulation may be voice or audio subliminal messages. One application of V2K is use as an electronic scarecrow to frighten birds in the vicinity of airports.' " (Id. at ¶ 3.) He seeks damages for the harassment. (Id. at ¶ 2.) He also seeks to enjoin defendants from engaging in this activity. (Id.)

II.   **Standard of Review**

Under 28 U.S.C. § 1915(e)(2), when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time" if it determines that certain conditions are met, including that the action is frivolous. 28 U.S.C.

2

§ 1915(e)(2)(B)(i).[2] A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is factually frivolous if it depicts "fantastic or delusional scenarios," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1993). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic,"

---

[2]Section 1915(e) states, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action nor appeal—
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). This section applies to both prisoner and non-prisoner cases. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3rd Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e) (2)"); Jayne v. Pike Cnty. Corr. Facility, 2007 WL 2972579 at *1 n. 1 (M.D.Pa. 2007) (citing cases); Weimer v. Vanorsdale, 2007 WL 1653623 at *1 n. 1 (W.D.Pa. 2007) (citing cases).

3

or "delusional." Denton, 504 U.S. at 33 (quoting Neitzke, 490 U.S. at 327–29). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

**III. Discussion**

The Court finds that Banks's allegations that defendants are using a technology know as "Voice to Skull" to harass him are factually frivolous because they are wholly incredible and delusional. Thus, the complaint will be dismissed.

**IV. Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp , 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under

Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15). Given the wholly incredible and delusional nature of these pleading, the Court finds that the complaint is incapable of being cured by amendment.

## V. **Conclusion**

Based on the foregoing, Banks's complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order accompanies this Memorandum.


 /S/ Christopher C. Conner
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania


Dated:       September 23, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:13-CV-2095 |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **AN UNKNOWN NUMBER OF FEDERAL JUDGES AND UNITED STATES,** *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of September, 2013, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of this action.

2. The complaint is DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania